IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY A. BROCK,

        Plaintiff,

vs.                             No.  12-0645-DRH

GORDON TRUCKING, INC., and
GORDON TRUCKING, CO.

        Defendants.

## ORDER

**HERNDON, Chief Judge:**

    This matter comes before the Court on defendants' motion to dismiss or, in the alternative motion for summary judgment (Doc. 56) and defendant's motion for summary judgment on its counterclaim for property damages (Doc. 58). Because defendants submitted documents outside the pleading, the Court construes the motion to dismiss as one for summary judgment.  *See* Fed.R.Civ.P. 12(b).

    The FEDERAL RULES OF CIVIL PROCEDURE forbid a district court from acting on a summary judgment motion without giving the nonparty a reasonable opportunity to respond.   Fed.R.Civ.P. 56.   A motion for summary judgment should not be granted against a *pro se* litigant unless the *pro se* litigant receives clear notice of the need to file affidavits or other responsive materials and of the consequences of not responding.  *See Timms v. Frank*, 953 F.2d 281, 284 (7th

Cir. 1992). This "notice" should include a short, plain statement of the need to respond to a summary judgment motion, giving both the text of Rule 56(e) and an explanation of the rule in ordinary English. *Id*. If opposing counsel fails to provide the requisite notice then the district court should do so. *Id*.

Here, the Court must provide Brock with the proper notice as Gordon Trucking's counsel failed to do so. Thus, the Court **DIRECTS** Brock to follow FEDERAL RULE OF CIVIL PROCEDURE 56, particularly Rule 56(e), in responding to the motion for summary judgment. Rule 56(e) states:

> **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> **(1)** give an opportunity to properly support or address the fact;
> **(2)** consider the fact undisputed for purposes of the motion;
> **(3)** grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or
> **(4)** issue any other appropriate order.

Further, the Court **ADVISES** Brock that the failure to respond to the evidence presented in support of defendants' motions for summary judgment with evidence of his own may result in the dismissal of his case with prejudice in favor of defendants. Specifically, any factual assertion will be taken as true by the Court unless the Brock submits his own affidavits or other documentary evidence contradicting the assertion. In other words, Brock cannot merely rely upon the allegations of his complaint to survive the motions for summary judgment. *See*

*Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996).  A copy of Rule 56 of the Federal Rules of Civil Procedure is attached to this Order.

The Court **ALLOWS** Brock up to and including April 22, 2013 to respond to the motions or risk judgment being entered in favor of defendants and against him.

**IT IS SO ORDERED.**

Signed this 21st day of March, 2013.

Digitally signed by
David R. Herndon
Date: 2013.03.21
13:15:19 -05'00'

**Chief Judge**
**United States District Court**